*Formatted for Electronic Distribution*                                                                              *Not for Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

In re:

**Todd M. Enright,**                                                       **Chapter 7 Case**
     **Debtor.**                                                           **# 10-10873**



Filed & Entered
On Docket
February 9, 2011

## ORDER
### ADDRESSING THE DEBTOR'S OBJECTION TO CLAIM

On June 24, 2010, the Debtor filed a voluntary chapter 11 petition, and during the pendency of the chapter 11 case, on December 3, 2010, the Debtor filed an objection (doc. # 244) to the claim of Nelson Mullins Riley and Scarborough, LLP ("Nelson Mullins") (claim # 20). On December 9, 2010, this case was converted to one under chapter 7. Thereafter, Nelson Mullins filed a memorandum of law in opposition to the Debtor's objection to its claim (doc. # 275), and the Chapter 7 Trustee filed a statement of his position (doc. # 280) with respect to the outstanding objection to claim. Nelson Mullins has also commenced an adversary proceeding against the Debtor and the Trustee asserting that its claim is non-dischargeable as a domestic support obligation under § 523(a)(5) (see doc. # 1 in AP # 11-1004).

The Debtor argues that Nelson Mullins (the attorney of his estranged spouse in a pending Georgia divorce proceeding) lacks standing to file the proof of claim as it has no claim against the Debtor and that there is no privity of contract between the Debtor and Nelson Mullins. Nelson Mullins counters that, since this is a chapter 7 case, the Debtor lacks standing to object to its proof of claim as he has no pecuniary interest at stake. The Trustee takes the position that the Debtor does have a pecuniary interest in the outcome of the claim objection to the extent the Court determines it to be a non-dischargeable claim. Therefore, the Trustee does not object to the Debtor proceeding on his objection to claim so long as the Trustee's right to object to the Nelson Mullins claim are preserved with respect to any dischargeable portion of the claim, and the adjudication of the Debtor's objection to the Nelson Mullins claim has no estoppel impact on the Trustee.

The Court held a hearing on this matter on February 1, 2011 and entered a ruling on the record. It enters this Order to set forth the rationale for its ruling. Based upon the parties' arguments, the record in this case, and the controlling law, THE COURT FINDS that:

A.  Nelson Mullins' claim is deemed to be prima facie valid, see Fed. R. Bankr. P. 3001(f), and the burden of proof is on the Debtor to establish that the claim should not be allowed, see In re Woodmere Investors Ltd. Partnership, 178 B.R. 346, 354 (Bankr. S.D.N.Y. 1995);

B.    the Debtor has standing to object to the Nelson Mullins proof of claim to the extent that the claim asserts non-dischargeable status, as the Debtor clearly has a pecuniary interest .in whether this claim is allowed, see White v. Coors Distributing Co., 260 B.R. 870, 875 (8th Cir. B.A.P. 2001);

C.    Nelson Mullins has standing and may assert a claim if it is the ultimate payee of the attorneys' fees awarded to a spouse in a divorce action, see Pauley v. Spong (In re Spong), 661 F.2d 6 (2d Cir. 1981); and

D.    the Debtor has failed to sustain his burden of proof in establishing that Nelson Mullins lacks standing to be treated as a creditor with an allowed claim in this case, and has likewise failed to establish that the claim should be disallowed based upon lack of contract privity.

Accordingly, IT IS HEREBY ORDERED that:

1.    the Debtor's objection based upon Nelson Mullins' lack of standing and/or privity of contract is OVERRULED;

2.    this ruling is without prejudice to the Debtor's and Trustee's rights to object to this claim on other grounds; and

3.    the merits of Nelson Mullins' claim and any further objections to the claim, whether raised by the Debtor or the Trustee, shall be interposed and addressed in adversary proceeding # 11-1004.

SO ORDERED.

February 8, 2011  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

2